UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MARC E. LEBLANC, in his capacity
as Administrator of and participant
in the Sheet Metal Workers'
National Pension Fund; JOHN
HARRINGTON, in his capacity as a
participant in the Sheet Metal
Workers' National Pension Fund,
             *Plaintiffs-Appellants,*

and

SHEET METAL WORKERS' NATIONAL
PENSION FUND; ARTHUR MOORE, in
his capacity as Trustee of the Sheet
Metal Workers' National Pension
Fund; ALAN J. CHERMAK, in his
capacity as National Pension Fund          No. 99-1866
Trustee; MATTHEW B. HERNANDEZ,
JR., in his capacity as National
Pension Fund Trustee; CLINTON O.
GOWAN, JR., in his capacity as
National Pension Fund Trustee;
RONALD PALMERICK, in his capacity
as National Pension Fund Trustee;
BRUCE STOCKWELL, in his capacity as
National Pension Fund Trustee,
                          *Plaintiffs,*

POPHAM, HAIK, SCHNOBRICH &
KAUFMAN, LIMITED,
             *Intervenor-Plaintiff,*

v.

LAWRENCE A. CAHILL; KENNETH M.
CAHILL; LARKEN, INCORPORATED;
LARKEN PROPERTIES, INCORPORATED,
                    *Defendants-Appellees,*

                    and

EDWARD WILLIAMS; RICK MANDRELL;
OAKLEIGH J. THORNE; THORNE
CONSULTANTS, INCORPORATED; JAMES
W. BECK; CHARLES E. UNDERBRINK;
EDWARD J. CARLOUGH; GORDON
JONES; CAVET SNYDER; JUNE M.
CARLOUGH, in her capacity as the
Administratrix of the estate of
Edward J. Carlough; JUDITH L.
BOYCE JONES, in her capacity as
representative of the estate of
Gordon Jones; PENNSYLVANIA
NATIONAL UNION FIRE INSURANCE
COMPANY, Pittsburgh, Pennsylvania,
                    *Defendants,*

ALEXIS M. HERMAN, Secretary of
Labor of the United States
Department of Labor,
                    *Party in Interest.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-95-1557-A)

Submitted: January 26, 2001

Decided: February 13, 2001

Before WILKINSON, Chief Judge, and WIDENER and
MOTZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Stephen M. Rosenblatt, Alexandria, Virginia; John O'B. Clarke, Jr., HIGHSAW, MAHONEY & CLARKE, P.C., Washington, D.C., for Appellants. Mark Fox Evens, M.M. Hogans, THELEN, REID & PRIEST, L.L.P., Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

The Sheet Metal Workers' National Pension Fund ("Fund") is a multi-employer employee pension benefit plan, subject to regulation under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. §§ 1001-1461 (West 1999 & Supp. 2000). Appellant Marc E. LeBlanc is a fiduciary and participant in the Fund. Appellant John D. Harrington is a participant in the Fund. In 1994, the Fund filed suit against thirteen Defendants seeking equitable and legal relief for losses the Fund sustained as a result of a $15 million investment. The district court dismissed the suit against those Defendants charged with selling the investment to the Fund on the basis that ERISA does not provide a cause of action against a nonfiduciary non-party in interest for participating in an act prohibited by ERISA § 406(b), 29 U.S.C. § 1106(b) (1994). The Plaintiffs appealed.

On appeal, this court held that ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) (1994), allows the Appellants to bring a cause of action against the Appellees for appropriate equitable relief on account of their alleged knowing participation in a transaction prohibited by ERISA § 406(b). The district court's order dismissing the case against

the Appellees was vacated and the case remanded for further proceedings consistent with this court's opinion. *See LeBlanc v. Cahill*, 153 F.3d 134, 151-55 (4th Cir. 1998).

On remand, the remaining Defendants were Lawrence Cahill, Kenneth Cahill, Larken, Inc., and Larken Properties, Inc. (collectively "Sellers").[1] The Appellants charged that the Sellers induced Edward I. Williams, Manager of Direct Investments for the Fund, and Rick Mandrell, a consultant to the Fund, by offering a kickback or commission, to recommend that the Fund invest in Larken Hotels Limited Partnership ("LHLP"). Under ERISA § 406(b)(3), a plan fiduciary is prohibited from receiving any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

The district court found that Williams received consideration from James W. Beck, who had agreed to assist the Sellers by locating investors for LHLP.[2] Accordingly, the district court found that Williams, as a fiduciary to the Fund, had violated ERISA § 406(b)(3).

With regard to the Cahills and Larken, Inc., the district court found that there was no credible evidence that those parties were actually aware that Williams was a fiduciary to the Fund. The court did not find credible testimony from Beck, Williams, and Charles Underbrink, another person assisting the Cahills in marketing LHLP, that the Cahills were informed of Williams' status as Manager of Direct Investments for the Fund. In addition, the court rejected the Appellants' argument that the Cahills and Larken, Inc., were aware of the facts that made Williams a fiduciary to the Fund by stating that the Appellants "failed to demonstrate that the Cahills were actually aware of Williams' status as a fiduciary." (J.A. at 145). The court further found that the Cahills did not have actual knowledge that Williams breached his fiduciary duty. In addition, the court rejected the Appellants' argument that because Beck was an agent for the Cahills, it should impute his actions and knowledge to them. The court found

---

[1] The Cahills have an ownership interest in Larken, Inc., and Larken Properties, Inc.

[2] Beck also had an ownership interest in Larken Properties, Inc.

that although Beck was an agent for the Cahills, he was "acting at least as much for his own benefit as for that of the Cahills and Larken, Inc." and he "was wearing so many hats during this time period, including in his interactions with Williams, it would be inappropriate to impute his knowledge and actions to the Cahills and Larken, Inc. under these circumstances."[3] (J.A. at 149-50).

The district court further rejected the Appellants' argument that because Beck and Williams engaged in a prohibited transaction, the monies paid by the Fund were subject to a constructive trust and the Defendants bore the burden of showing that they were bona fide purchasers by having paid value without notice of the breach. According to the court, the burden was on the Plaintiffs to show that there was a prohibited transaction and the Defendants knowingly participated in the transaction. The court noted that the Appellants were attempting to avoid having to prove that the Defendants were liable for their knowing participation in the prohibited transaction by invoking a burden-shifting regime that applies to a remedy for the cause of action. The court found that there was no evidence that the Cahills and Larken, Inc., knew about the prohibited transaction and knowingly participated in it.

As for equitable relief as a result of Larken Properties, Inc.'s ("LPI") participation in Williams' breach, the district court found that LPI was liable for $1,187,348.51 in damages. The court subtracted from that amount the present value of payments Beck and Underbrink agreed to reimburse pursuant to a settlement agreement. The Appellants filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure challenging the court's decision to set-off the damages award, which the court denied.

While the appeal was pending in this court, the Supreme Court issued an opinion in *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 120 S. Ct. 2180 (2000). We granted the Appellants' motion to file a supplemental brief on the relevance of this case.

---

[3]The court found that Larken Properties, Inc., had knowledge of Williams' breach and knowingly participated in the breach because Beck and Underbrink handled the day-to-day operations of that business.

In *Harris Trust*, Salomon Smith Barney, Inc. ("Salomon"), was a party in interest to an ERISA pension plan and charged with entering into a transaction prohibited by ERISA § 406(a) and not exempted by ERISA § 408. The Seventh Circuit held that ERISA § 502(a)(3) does not provide a private cause of action against a nonfiduciary for knowing participation in a fiduciary's breach of duty. The Supreme Court reversed, finding that ERISA § 502(a)(3) authorizes actions for "appropriate equitable relief," for the purpose of redressing any ERISA violations. The Court found that there is "no limit . . . on the universe of possible defendants." *Harris Trust*, 530 U.S. at ___, 120 S. Ct. at 2187.

The Supreme Court rejected Salomon's argument that suits under ERISA § 502(a)(3) would be brought against innocent third parties rather than the true wrongdoers. The Court stated that:

> [t]he common law of trusts, which offers a "starting point for analysis [of ERISA] . . . [unless] it is inconsistent with the language of the statute, its structure, or its purposes," *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 447, 119 S. Ct. 755, 142 L. Ed.2d 881 (1999) (internal quotation marks omitted), plainly countenances the sort of relief sought by petitioners against Salomon here. As petitioners and *amicus curiae* the United States observe, it has long been settled that when a trustee in breach of his fiduciary duty to the beneficiaries transfers trust property to a third person, the third person takes the property subject to the trust, unless he has purchased the property for value and without notice of the fiduciary's breach of duty. The trustee or beneficiaries may then maintain an action for restitution of the property (if not already disposed of) or disgorgement of proceeds (if already disposed of), and disgorgement of the third person's profits derived therefrom.

*Id.* at 2189. Thus, the Court incorporated common-law remedial principles to an action for equitable relief. *Id.* at 2190. The Court further stated that:

> [i]t also bears emphasis that the common law of trusts sets limits on restitution actions against defendants other than the

principal "wrongdoer." Only a transferee of ill-gotten trust assets may be held liable, and then only when the transferee (assuming he has purchased for value) knew or should have known of the existence of the trust and the circumstances that rendered the transfer in breach of the trust. Translated to the instant context, the transferee must be demonstrated to have had actual or constructive knowledge of the circumstances that rendered the transaction unlawful. Those circumstances, in turn, involve a showing that the *plan fiduciary*, with actual or constructive knowledge of the facts satisfying the elements of a § 406(a) transaction, caused the plan to engage in the transaction. *Id.*

Naturally, the district court in the instant case did not have the benefit of the Supreme Court's opinion in *Harris Trust* when it found that the Cahills and Larken, Inc., were not liable to the Appellants. Based on *Harris Trust*, it is evident that the court used an improper standard to determine whether the Appellants were entitled to relief from the Cahills and Larken, Inc.

Accordingly, we vacate the court's judgment and remand for further proceedings consistent with this opinion and the Supreme Court's holding in *Harris Trust*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*